IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON JOSEPH CIENIAWA, ) | |
| ) | Civil Action No. 12 – 177 |
| Plaintiff, ) | |
| ) | District Judge Mark R. Hornak |
| v. ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| SECRETARY JOHN WETZEL, *et al*., ) | ECF Nos. 9, 11, 21 |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**

This *pro se* prisoner civil rights action is before the Court on the following motions: Plaintiff's Motion for Immediate Court Action for Injunctive Order/Temporary Restraining Order (ECF No. 9), Plaintiff's Motion for Permanent and Preliminary Injunction/Temporary Restraining Order (ECF No. 11), and Plaintiff's Motion for Immediate Restraining Order (ECF No. 21). For the reasons state herein, Plaintiff's motions will be denied.

**I.     Background**

Plaintiff, Jason Joseph Cieniawa, a prisoner currently in the custody of the Luzerne County Prison, brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated at the State Correctional Institution at Greensburg ("SCI-Greensburg"). In his complaint filed on March 1, 2012 (ECF No. 4), Plaintiff named the following individuals as Defendants: John Wetzel, Secretary of the Pennsylvania Department of Corrections; James Barnacle, Director of the Office of Special Investigations and Intelligence; Joseph Mazurkiewicz, Superintendent of SCI-

1

Greensburg; Billie Heide, Deputy Superintendent for Centralized Services of SCI-Greensburgh; Lieutenant Beers; Correctional Officer Jason Lacey; Correctional Officer Tommy Lacey; and Correctional Officer Quigley. Plaintiff subsequently filed a Motion to Amend (ECF No. 10), which was granted on March 12, 2012 (ECF No. 12). In that order, the Court directed Plaintiff to include all of his claims in his amended complaint and stated that the amended complaint should not refer back to the original complaint. Plaintiff filed an amended complaint on March 21, 2012 (ECF No. 13), which only listed the following individuals as Defendants: Correctional Officer Nose; Correctional Officer Bridge; Correctional Officer Engelbrect; and Correctional Officer Richards. Plaintiff then filed a second amended complaint on April 3, 2012 (ECF No. 14), which lists as Defendants "Vincent" and an unknown person. Because it was not clear whether Plaintiff meant his most recent complaints to supersede his previous complaints or whether he was actually seeking to file supplements to his original complaint, which he had failed to caption as such and which is not permissible, he was ordered to file a third amended complaint setting forth all of his claims against all defendants in one documents and advised that no additional amendments or supplements would be accepted. The deadline for Plaintiff filing his third amended complaint is August 17, 2012.

Currently pending before the Court are three motions wherein Plaintiff requests preliminary injunctive relief. The first motion, Plaintiff's Motion for Permanent and Preliminary Injunction/Temporary Restraining Order, was filed on March 1, 2012. (ECF No. 11.) In that motion, Plaintiff requests that the Court issue an order for Defendants to stop physically assaulting and emotionally abusing him; stop issuing fabricated misconduct reports; stop harassing, threatening, and segregating him; and remove him from the Western and Central region state correctional institutions or place him into federal or county custody. In his second

motion, Motion for Immediate Court Action for Injunctive Order/Temporary Restraining Order filed on March 8, 2012, Plaintiff seeks a prior restraining order[1] and issuance of the injunctive relief mentioned in his first motion. (ECF No. 9.) Finally, in Plaintiff's third motion, Motion for Immediate Restraining Order filed on June 18, 2012, he requests that he not be returned to SCI-Greensburg but instead be placed in federal or county custody or in a state correctional institution outside of the Western and Central regions. (ECF No. 21.) Defendants were directed to respond to Plaintiff's three motions and their response was filed with the Court on July 16, 2012. (ECF No. 35.)

## II.     Applicable Legal Standards

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief.

---

[1]     In this second motion, Plaintiff states that he filed a motion for a restraining order on January 12, 2012. However, Plaintiff's original Complaint is dated February 8, 2012 and was not received by this Court until February 13, 2012. Upon review, it appears that Plaintiff filed this motion in Case No. 2:11-cv-1156, a case that Plaintiff initiated on September 12, 2011 and the Court closed pursuant to Plaintiff's own voluntary motion to dismiss on December 15, 2011. Notwithstanding that the case was closed, the Court addressed Plaintiff's "Motion for Restraint Order/Emergency Order/ W/O Delay" and found it to be without merit. As such, that motion will not be addressed herein.

Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

**III.    Analysis**

With the above considerations in mind, Plaintiff has not demonstrated that preliminary injunctive relief is warranted in this case.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order his transfer into federal or county custody or to a state correctional institution that is not within the Western or Central region of Pennsylvania and also order Defendants to refrain from assaulting,

emotionally abusing, harassing, threatening, and segregating him as well as issuing fabricated misconduct reports against him. Plaintiff's requests for preliminary injunctive relief are directed not merely at preserving the *status quo*; instead, they seek mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 126 S. Ct. 2572, 2578 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

With regard to Plaintiff's request to be transferred to another facility or for the Court to order Defendants to refrain from placing him in administrative segregation, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). An inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level, security classification,

or place of confinement.  *See* Wilkinson v. Austin, 545 U.S. 209, 221-22 (2005) (finding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976).  The custody placement or classification of state prisoners is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than the federal courts."  Meachum, 427 U.S. at 225.  Governments may, however, confer on inmates liberty interests that are protected by the Due Process Clause, "[b]ut these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).  Thus, a convicted inmate such as Plaintiff has no liberty interest arising under the Due Process Clause itself in remaining in or being transferred to a prison facility of his choosing or being transferred to more restrictive quarters due to disciplinary detention.  *See* Hewitt v. Helms, 459 U.S. 460, 466-67 (1983); Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002).  As such, the Court will not grant Plaintiff the relief he requests.

Next, Plaintiff has not demonstrated that he will likely succeed on the merits of his claims concerning harassment, threats, and emotional abuse.  In this regard, it is well established that allegations of threats or verbal harassment, without injury or damage, do not state a claim under 42 U.S.C. § 1983.  *See* Burkholder v. Newton, 116 F. App'x 358, 360 (3d Cir. 2004); Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 1999); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations), *cert. denied*, 464 U.S. 998 (1983); Wilson v. Horn, 971 F. Supp. 943

(E.D. Pa. 1997) (verbal abuse and harassment, although not commendable, does not rise to the level of a constitutional violation), *aff'd*, 142 F.3d 430 (Table) (3d Cir. 1998).  No matter, then, how reprehensible the conduct alleged may be, such conduct, if as alleged, is not violative of rights secured to the Plaintiff under the Constitution or the laws of the United States.  Therefore, the requested preliminary injunctive relief is not warranted.

Similarly, Plaintiff has not established that he will likely succeed on the merits of his claims regarding Defendants issuing fabricated misconduct reports.  The mere filing of a false misconduct report does not violate an inmate's constitutional rights even if it may result in the deprivation of a protected liberty interest.  See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"), *cert. denied*, 485 U.S. 982 (1988).  Instead, inmates have the right not to be deprived of a protected liberty interest without due process of law.  Thus, where the prisoner is provided due process, no constitutional violation results from being falsely accused of a misconduct.  See id. at 952-53 (holding that "the mere filing of [a false] charge" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) (finding that so long as prison officials provide a prisoner with the procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 558 (1974), then the prisoner has not suffered a constitutional violation); Strong v. Ford, 108 F.3d 1386 (Unpublished Opinion), [published in full-text format at 1997 U.S. App. LEXIS 5176, 1997 WL 120757 (9th Cir. 1997) (the alleged making of a false charge, however reprehensible or violative of state law or regulation, does not constitute deprivation of a federal right protected by section 1983 when it does not result in the

7

imposition of atypical hardship on the inmate in relation to the ordinary incidents of prison life). *See also* Creter v. Arvonio, No. 92-4493, 1993 U.S. Dist. LEXIS 11016, 1993 WL 306425, at *7 (D.N.J. Aug. 5, 1993); Duncan v. Neas, No. 86-109, 1988 U.S. Dist. LEXIS 12534, 1988 WL 91571, at *1 (D.N.J. Aug. 30, 1988) (determining that "the alleged knowing falsity of the charge [does not state] a claim of deprivation of a constitutionally protected liberty interest . . . where procedural due process protections were provided").  Here, Plaintiff has simply stated that Defendants have issued fabricated misconduct reports against him.  He has alleged neither that he had a constitutionally protected liberty interest that was offended by Defendants' actions nor that due process protections were not provided if a protected liberty interest was at stake.  As such, he has failed to demonstrate a likelihood of success on the merits of this claim and preliminary injunctive relief is not warranted.

Finally, turning to Plaintiff's allegations of prior assaults, while the Court does not wish to diminish his complaints, Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motions that cannot be compensated with money damages.  Such relief, if necessary, should be required only after a full review of the relevant facts and law.

Based on the evidence before the Court, the Court finds that Plaintiff has failed to carry his burden of demonstrating that he is entitled to the extraordinary relief of an injunction and his motions will be denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Immediate Court Action for Injunctive Order/Temporary Restraining Order (ECF No. 9), Plaintiff's Motion for Permanent and Preliminary Injunction/Temporary Restraining Order (ECF No. 11), and Plaintiff's Motion for Immediate Restraining Order (ECF No. 21) are **DENIED**.

**AND IT IS FURTHER ORDERED** that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge, which includes the basis for objection to this Order. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal will constitute a waiver of any appellate rights.

Dated: July 20, 2012

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Jason Joseph Cieniawa
   HX-8095
   Luzerne County Prison
   99 Water Street
   Wilkes-Barre, PA  18702

   Counsel of record.